```
```

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AVALONBAY COMMUNITIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-306 |
| ) | |
| SAN JOSE WATER ) | |
| CONSERVATION CORP. et al., ) | |
| ) | |
| Defendants. ) | |

FILED AUG 27 2007 — U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

<u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Defendants' Motion to Stay. This case concerns whether Defendants' Fifth Amendment rights are implicated in having to defend a civil action while there is an ongoing criminal investigation of Defendants and whether a stay should be granted in this action because of the burden on Defendants in having to simultaneously participate in civil litigation and to protect their criminal rights. The Court holds that Defendants' motion is denied because, though Defendants' are constitutionally burdened, this burden does not weigh more heavily than the prejudice that would result to Plaintiff by granting a stay in this action.

## I. BACKGROUND

On March 29, 2007, Plaintiff Avalonbay Communities, Inc. filed action against Defendant San Jose Corporation for (1) fraud and deceit, (2) breach of contract, (3) unjust enrichment, (4) civil and statutory conspiracy, and (5) civil RICO claims. Plaintiff owns 45 properties in eight different states and alleged that Defendant failed to perform contracted work at several apartment complexes. Plaintiff claimed that Defendant submitted false invoices and received over $3 million dollars from Plaintiff for work never completed. Plaintiff also alleged that Defendant misrepresented its licensing status and its qualifications to complete the contracted work.

Defendant moved to dismiss all counts. On July 16, 2007 this Court ordered that Defendant's motion as to Count 1 was granted and denied as to Count 2-5. Plaintiff was given leave to amend its Complaint.

On July 27, 2007 Plaintiff filed an Amended Complaint and added Michael Schroll, the owner of Defendant San Jose, as a defendant. Plaintiff claimed Defendant Schroll conspired with James Wilden, a former employee of Plaintiff, to conceal Defendant San Jose's licensing status and to authorize the fraudulent invoice payments. Plaintiff alleged that Defendants gave Wilden kickback payments. Defendant San Jose asserted the Fifth Amendment privilege in response to Plaintiff's new

allegations and filed motion to bring Wilden in as a third party defendant. *See* Def.'s Answer and Def.'s Motion for Third Party Claim.

Defendant San Jose is now the subject of a civil forfeiture proceeding by the Federal Bureau of Investigation ("FBI") and the subject of a criminal grand jury investigation by the United States Attorneys Office ("USAO"). Defendants move to stay this civil proceeding so that Defendants will not be constitutionally burdened by either (1) having Defendant Schroll's civil testimony possibly provide evidence in a future criminal prosecution or (2) having Defendant Schroll assert his Fifth Amendment privilege in the civil litigation and having an adverse inference drawn against Defendants.

## II. DISCUSSION

### A. Standard of Review

Courts have discretion in whether to grant a motion to stay. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The power to stay is within the court's control of the docket. *See Id.* The parties and issues do not need to be the same for the court to grant a stay in one case to accommodate another case. *See Id.* Federal courts have used the balancing test set in *Landis* that weighs the hardship to the moving party against the prejudice to the opposing party. *See Id.* at 255 (holding that a party requesting a stay must show hardship if there is even a

fair possibility that a stay would damage the opposing party); see also *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) ("Party seeking stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."). Additional considerations have been interests of persons not party to the civil litigation, the public interest, the danger of discovery abuse, bad faith, the status of the criminal proceedings, etc. *See Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1202-1204 (Fed. Cir. 1987); *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 558 (E.D. Va. 1995).

The court in *In re Mid-Atlantic Toyota Antitrust Lit.* used a five factor test that includes some of the additional factors that federal courts have considered in stay motions: (1) interest of plaintiff in proceeding expeditiously balanced against prejudice to plaintiff caused by delay, (2) burden on defendant, (3) convenience to the court, (4) interests of persons not party to the civil litigation and (5) the public interest. 92 F.R.D. 358, 359 (D.C. Md. 1981).

Much of the case law involving motions to stay civil proceedings until the completion of criminal proceedings concerns cases where the government is opposing the same private party. *See In re Phillips*, 896 F. Supp. at 557 (noting the dilemma surrounding use of Fifth Amendment in parallel cases can arise

4

between private litigants but more often when the government is the opposing party). Courts have been concerned that in these cases the government will purposely initiate parallel civil and criminal proceedings to (1) use the more liberal civil discovery rules to gain information for the corresponding criminal trial that would normally be restricted under criminal discovery rules and (2) to gain advantage in the civil trial by forcing parties to choose between exposing themselves to criminal prosecution by testifying or asserting the Fifth Amendment and, thereby, damaging their civil defense. See In re Phillips, 896 F. Supp. at 558. An adverse inference can be drawn against litigants who assert their Fifth Amendment right in a civil proceeding. See Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).

B.  **Analysis**

The Court holds that Defendant's Motion to Stay is denied because, though the Court finds that Defendants' Fifth Amendment rights are implicated, the prejudice to Plaintiff outweighs any constitutional burden on Defendants. In deciding a motion to stay, the Court is required to balance the competing interests of the parties. See Landis, 299 U.S. at 254-255. Plaintiff will be prejudiced by the undeterminable time length of any criminal prosecution because this makes it more likely that: (1) documents will be misplaced, (2) memories will fade and (3) Defendants will have fewer monetary resources available for Plaintiff to collect

5

on any financial judgment. The burden on Defendants is not sufficient to outweigh Plaintiff's prejudice because Defendants have not been indicted and do not have to prepare a defense in simultaneous cases.

The Court holds that balancing the competing interests of the parties and using the additional factors set in *In Re Mid Atlantic*, shows that a stay would be inappropriate.

a. <u>Burden on Defendants Versus Prejudice to Plaintiff</u>

### i. Burden on Defendant

First, the Court holds that the Fifth Amendment right of Defendant Schroll does create a constitutional burden for Defendants. Individuals can assert their right to the Fifth Amendment in civil litigation. See *Baxter*, 425 U.S. at 318. While a corporation does not have right to the Fifth Amendment privilege, an individual speaking on behalf of a corporation can assert the Fifth Amendment privilege. See *In re Mid-Atlantic*, 92 F.R.D. at 360. The corporate representative need not be indicted to claim the Fifth Amendment privilege. See *Hoffman v. U.S.*, 341 U.S. 479 (1951)(corporate manager could claim privilege even if not indicted if answers could lead to link in the chain of evidence that contributes to criminal conviction); See also *Afro-Lecon*, 820 F.2d 1198 at 1203. When required to answer a corporation cannot simply point to a person who faces self-incrimination in order to create a Fifth Amendment privilege for

the corporation. See *United States v. Kordel*, 397 U.S. 1, 8 (1970).

Defendant Schroll is the sole owner and president of Defendant San Jose and Defendants have asserted that Defendant Schroll is the only corporate representative with the requisite knowledge to speak on behalf of Defendant San Jose. Plaintiff does not deny that Defendant is the only appropriate representative. Plaintiff responds by citing *United States v. Stone*, 976 F.2d 909, 912 (4th Cir. 1992) which held that a corporate owner could not refuse to turn over subpoenaed business records by claiming a Fifth Amendment privilege just because the corporation was a one-man operation. *Stone* is distinguished from the current situation because Defendant San Jose has produced business records and is claiming a constitutional burden only in regards to testimonial evidence. This Court does not hold that Defendant Schroll is in fact the only individual who can speak on behalf of Defendant San Jose. The Court holds that Defendants are constitutionally burdened by having either to prepare an adequate civil defense that includes testimony of Defendant Schroll, but possibly opens up evidence for future criminal prosecution, or to prepare a civil defense without Defendant Schroll's testimony that will likely be inadequate.

### ii. Balancing Burden and Prejudice

Defendants' Motion to Stay is denied because the

constitutional burden placed on Defendants because of the threat of criminal prosecution does not outweigh the prejudice created to Plaintiff by having to sit aside for an undeterminable amount of time. A party seeking a stay must show by clear and convincing evidence that the party's hardship outweighs the prejudice to the opposing party. *See Williford*, 715 F.2d at 127. Federal courts have held that a stay is most appropriate in situations where a party is under indictment for a serious offense. *See SEC v. Dresser Indus. Inc.*, 628 F.2d 1368, 1376 (C.A.D.C. 1980)("Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."). The burden on a party in making incriminating statements weighs more heavily when serious charges have been initiated and the constitutional obligation of a speedy criminal trial could help protect the opposing civil party from a significant delay. *See Trustees of the Plumbers v. Transworld Mechanical*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

At present, the Court has no knowledge of whether the investigation and forfeiture proceeding against Defendant San Jose will lead to a criminal indictment against Defendants and, if so, the seriousness of the possible charges. The scope of the

criminal prosecution is unlimited. Defendant San Jose is currently under investigation by the USAO and undergoing forfeiture proceedings initiated by the FBI. An indictment by one of these agencies does not ensure that there will not be separate charges later brought by the other. *See In re Mid-Atlantic*, 92 F.R.D. at 359 (stay was inappropriate where party had not been indicted and criminal proceedings could take unspecified amount of time because charges could be brought by Department of Justice, Maryland Attorney General or state officials). In addition to the unrestricted scope of any initial criminal prosecution, there is also the possibility that related criminal charges such as obstruction of justice and perjury could continue after a criminal trial is completed. *See In re Phillips*, 896 F. Supp. at 558.

A stay that is unrestricted in scope will certainly prejudice Plaintiff by risking the loss of documents, the fading of witnesses' memories, and the deterioration of Defendants' financial resources available for any judgment obtained by Plaintiff. Defendants argue that the cases will involve the same facts and evidence will thus be preserved. Because the commencement date of any criminal proceeding and the exact nature of these proceedings is unknown, Defendants can not guarantee that evidence will not be lost before criminal prosecution.

Defendants face a constitutional dilemma, but the Fifth

Amendment privilege does not come without cost in the civil arena. *See In re Phillips*, 896 F. Supp. at 560-561 (quoting *United States v. Taylor*, 975 F. 2d 402, 404 (7th Cir. 1992). Virtually all of the cases relied on by Defendants involved situations where the government was the opposing party in the civil and criminal cases. There has not been suggestion that Plaintiff has tried to take advantage of Defendants' threat of criminal prosecution, an underlying fear in the cases cited by Defendants. Plaintiff has attempted to accommodate Defendants by agreeing to stay oral civil discovery. *See* Defs.' Joint Motion for Extension of Time.

b. *Additional Considerations*

Considering the other factors used in *In re Mid-Atlantic* also shows that a stay would be unwarranted. First, a stay is not convenient to the Court because this judicial district has a policy of efficient and expeditious resolution of cases. Second, neither party has identified an interest by persons not party to the civil litigation. Third, it is not in the public interest to require plaintiffs to wait for their day in court for an undefined time period because a defendant may or may not face criminal prosecution in the future. Because Plaintiff will be prejudiced by the unrestricted delay created by staying the civil proceeding until the threat of criminal prosecution subsides, the Defendants' Motion for a Stay is denied.

### III. CONCLUSION

For the forgoing reasons the Court denies Defendants' Motion to Stay. Defendants brought motion for a stay of the civil action because testimony in the civil proceeding could provide evidence for later criminal prosecution or Defendants would have to assert the Fifth Amendment privilege and imperil their civil defense. Defendants are under threat of criminal prosecution, but have not been indicted. A stay would be unlimited in scope and the time delay would deteriorate Plaintiff's case. Because Defendants' burden is not greater than the prejudice that would result to Plaintiff, Defendant's Motion for a Stay is denied.

For the forgoing reasons, it is hereby

ORDERED that Defendants' Motion for a Stay is DENIED.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this 27th day of August, 2007.

/s/
Gerald Bruce Lee
United States District Judge
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
08/27/07